IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLOS CAREY, <br> AIS #245045, <br><br> Plaintiff, <br><br> v. <br><br> MS. KNIGHT, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )  CIVIL ACTION NO. 2:15-CV-67-MHT <br> )  [WO] <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff, an indigent state inmate, initiated this 42 U.S.C. § 1983 action on January 20, 2015.[1] Subsequently, and prior to service of the complaint, the plaintiff filed a "Motion to Dismiss Complaint" in which he seeks dismissal of this case as the sole "issue has been resolved." *Doc. No. 3* at 1.

Upon consideration of the plaintiff's motion to dismiss, the court concludes that this motion is due to be granted. Furthermore, since the complaint has not been served on the defendants, the court finds that this case should be dismissed without prejudice. Fed. R. Civ. P. 41(a)(1).

---

[1] Although the Clerk of this court stamped the complaint "received" on January 28, 2015, it is clear that Carey presented the complaint to prison officials for mailing prior to this date. A review of the pleading indicates Carey executed the complaint on January 20, 2015. *Doc. No. 1* at 4. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Carey] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, the court considers January 20, 2015, as the date of filing.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's motion to dismiss be GRANTED.

2. This case be dismissed without prejudice.

3. No costs or fees be taxed herein.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 13, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 30th day of January, 2015.

                                                 /s/ Wallace Capel, Jr.
                                                 WALLACE CAPEL, JR.
                                                 UNITED STATES MAGISTRATE JUDGE